## (December 22, 1980)

■ In the Matter of W. KRAMER CUDDY, III, Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Respondent was admitted to the Bar by this court on November 12, 1964. Petitioner moves to confirm the report of the Hearing Judge which, based in part upon respondent's admissions, sustained the following misconduct: withdrawing from legal practice without taking reasonable steps to protect his clients (Charge No. 1), neglect of legal matters entrusted to him (Charge Nos. 2, 5, 6), and failure to account to three clients for the unearned portion of his fee (Charge Nos. 3, 4, 6). The record supports the findings of the Hearing Judge and petitioner's motion to confirm the report is granted. In mitigation, respondent alleges that in March, 1978, while practicing law in upstate New York, he accepted an assignment from a surety company to provide executive management for a financially troubled construction company in New York City. Respondent states that it was his intention

to phase out his practice in an orderly manner and he engaged a local attorney to act of counsel in all pending matters. Parenthetically, we note that this attorney testified that respondent never asked him to assume responsibility for all of his pending files, although respondent did request that he act of counsel in a limited number of cases which he agreed to do as his time permitted. Respondent states that his construction assignment required far more time and travel than he anticipated and was responsible, in part, for the breakup of his marriage and his hospitalization for alcoholism in May, 1978. Following his discharge, he moved to Texas, joined Alcoholics Anonymous and was treated for depression. He presently resides in Pennsylvania and has indicated a willingness to return unearned fees to his former clients. In determining the sanction to be imposed upon respondent for his misconduct, we have given due consideration to his plea in mitigation. Under all the circumstances, we conclude that respondent should be suspended from the practice of law indefinitely with leave to apply for reinstatement upon a showing that he possesses the character and general fitness necessary to resume the practice of law, including a showing that he has discharged any outstanding obligations to his former clients. Respondent suspended from the practice of law indefinitely until further order of the court. Order entered. Mahoney, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.